# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and LORENA RAMOS, Revenue Officer, Internal Revenue Service,<br><br>                Petitioners,<br><br>v.<br><br>JEFFREY D. SETTLE, KATHRYN A. SETTLE, and JEFFREY D. SETTLE, as president of Settco Ltd.,<br><br>                Respondents. | 1:09cv2254 LJO DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES<br>(Document 1) |

This matter came before the Honorable Dennis L. Beck, United States Magistrate Judge, on February 19, 2010, pursuant to an Order to Show Cause issued on January 11, 2010. Glen F. Dorgan, Assistant United States Attorney, appeared on behalf of Petitioners United States of America and Revenue Officer Lorena Ramos ("Petitioners"). Petitioner Revenue Officer Lorena Ramos also was present. Respondents Jeffrey D. Settle and Kathryn A. Settle appeared on their own behalf.

Respondents were served with the Verified Petition, the Memorandum of Points and Authorities, and the Order to Show Cause. Respondents did not file a response to the Order to Show Cause.

The Verified Petition initiating this proceeding seeks to enforce administrative summonses in aid of Revenue Officer Ramos' investigation of Jeffrey D. and Kathryn A. Settle to determine financial information relevant to the Internal Revenue Service's ("IRS") efforts to collect the

assessed joint income tax liabilities for the tax years ending December 31, 1998, and December 31, 1999, and to resolve the assessed tax liabilities of Jeffrey D. Settle as President of Settco, Ltd. for Form 1120 for the taxable years December 31, 2000 and December 31, 2001; Form 941 for the quarters ending September 30, 2001; December 31, 2002; March 31, June 30, and September 30, 2003; June 30, September 30, and December 31, 2007; and March 31, June 30, and September 30, 2008.

The IRS has broad investigatory powers under the Internal Revenue Code. See 26 U.S.C. §§7601-7613. Under section 7602(a)(1), the IRS is empowered to issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for purpose of "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return." United States v. Arthur Young & Co., 465 U.S. 805, 813-815 & n. 11, (1984); David H. Tedder & Assoc., Inc. v. United States, 77 F.3d 1166, 1169 (9th Cir. 1996). The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even because it wants assurance that it is not." United States v. Powell, 379 U.S. 48, 57 (1964) (quoting United States v. Morton Salt Co., 338 U.S. 632, 642-643 (1950)).

Under section 7608(a) and (b), IRS agents are authorized to "serve subpoenas and summonses issued under authority of the United States." Section 7602(a)(2) provides the IRS is not limited to issuing summonses to taxpayers under investigation and is authorized to summon "any person having possession, custody, or care of books of account" relating to the taxpayer or to summon "any other person the Secretary may deem proper" to produce such information and testimony under oath relevant and material to inquiry. To enforce an IRS summons, the IRS must establish a prima facie case to demonstrate its "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant for that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code. Powell, 379 U.S. at 57-58; Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995).

In Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985), the Ninth Circuit Court of Appeals explained:

> To establish a need for judicial enforcement, this showing need only be minimal. This is necessarily true because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted. United States v. Balanced Financial Management, Inc., 769 F.2d 1440, 1443 (10th Cir. 1985). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. United States v. Samuels, Kramer & Co., 712 F.2d 1342,1345 (9th Cir. 1983); United States v. Kis, 658 F.2d 526, 536-37 (7th Cir. 1981).

The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." Fortney, 59 F.3d at 120 (citing United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993)).

The Court has reviewed the petition and documents in support of the tax summons enforcement. During the Order to Show Cause Hearing, Respondents stated they were willing to comply with the summonses within thirty days. Based on the uncontroverted verification of Revenue Officer Ramos, the agreement of Respondents and the entire record, the Court makes the following findings:

(1) This Court has statutory subject matter jurisdiction under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7604. A case or controversy exists.

(2) There is no evidence of fraud by the United States or its employees.

(3) The summonses issued by Revenue Officer Lori Minjarez to respondents Jeffrey D. Settle, individually and as president of Settco, Ltd., and Kathryn A. Settle on May 6, 2009, seeking testimony and production of documents and records in Respondents' possession, was issued in good faith and for a legitimate purpose under I.R.C. §7602, that is, to determine the financial information relevant to the IRS's efforts to collect the assessed joint income tax liabilities for the tax years ending December 31, 1998 and December 31, 1999 and to resolve the assessed tax liabilities of Jeffrey D. Settle as President of Settco, Ltd. for Form 1120 for the taxable years December 31, 2000 and December 31, 2001; Form 941 for the quarters ending September 30,

2001; December 31, 2002; March 31, June 30, and September 30, 2003; June 30, September 30, and December 31, 2007; and March 31, June 30, and September 30, 2008.

   (4)  The information sought is relevant to that purpose.

   (5)  The information sought is not already in the possession of the IRS.

   (6)  The administrative steps required by the Internal Revenue Code have been followed.

   (7)  There is no evidence of referral of Respondents by the IRS to the Department of Justice for criminal prosecution.

**RECOMMENDATION**

It is therefore the recommendation of the Magistrate Judge that the IRS summonses issued to Respondents Jeffrey D. Settle and Kathryn A. Settle be enforced, and that Respondents be ordered to appear at the IRS offices at 2525 Capitol Street, Ste. 206, Fresno, California 93721, before Revenue Officer Lorena Ramos, or her designated representative, on the twenty-first day after the filing date of the summonses enforcement order, or at a later date and time to be set in writing by the Revenue Officer, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers, and other data demanded by the summonses, the examination to continue from day to day until completed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 304 of the Local Rules of the United States District Court for the Eastern District of California. Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

The Clerk shall serve this order and future orders by mail to Mr. Jeffrey D. Settle, at 5239 N. Van Ness Boulevard, Fresno, California 93711 and to Mrs. Kathryn A. Settle, at 5239 N. Van Ness Boulevard, Fresno, California 93711.

IT IS SO ORDERED.

Dated:   **March 1, 2010**                            **/s/ Dennis L. Beck**
                                                                            UNITED STATES MAGISTRATE JUDGE